UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN NYIKOS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:18 CV 01804 (JMB) |
|  | ) |  |
| LEMNATEC CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike defendant's affirmative defenses. Defendant has filed a response in opposition, and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.     Background**

On January 1, 2016, plaintiff Steven Nyikos entered into an Employment Agreement with defendant Lemnatec Corporation whereby plaintiff was hired as the corporation's Asia Sales Manager. Plaintiff remained an employee of the corporation until May 2018. On July 13, 2018, plaintiff filed this case in the Circuit Court for the City of St. Louis, bringing claims for money had and received, unjust enrichment, breach of employment agreement, and unpaid commissions pursuant to Missouri law. The case was removed to federal court on October 31, 2018, on the basis of diversity jurisdiction. Plaintiff alleges, among other things, that pursuant to the Employment Agreement, plaintiff was to receive a base salary and commissions, and that despite having completed many sales on behalf of defendant, plaintiff never received any such commissions. On October 31, 2018, defendant filed its answer to plaintiff's complaint and

eleven affirmative defenses. Plaintiff moves to strike ten of those eleven affirmative defenses based on Missouri's pleading standards.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts have liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). However, striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." Shirrell v. St. Francis Med. Ctr., No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (citation omitted). "A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (internal quotation and citation omitted). The party filing a motion to strike must show that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "[W]here a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute a per se prejudice." In re RFC & ResCap Liquidating Trust Litig., No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).

## III. Discussion

Plaintiff alleges that defendant has failed to plead a factual basis for its affirmative defenses of estoppel, laches, waiver, mitigation of damages, and improper request for punitive damages, as is required by Missouri law. However, this case was removed to federal court on October 31, 2018, and therefore, the federal rules and federal pleading standards apply to

2

defendant's affirmative defenses. Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").

Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense." Furthermore, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct. No technical form is required." In analyzing whether an affirmative defense has been properly plead, the Eighth Circuit has concluded that "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to plaintiff's claims." Wisland v. Admiral Beverage Corp., 119 F.3d 733, 737 (8th Cir. 1997). Moreover, an affirmative defense "need not be articulated with any rigorous degree of specificity and is sufficiently raised for purposes of Rule 8 by its *bare assertion.*" Zotos v. Lindbergh School Dist., 121 F.3d 356, 361 (8th Cir. 1997) (emphasis in original) (internal quotations omitted).

In addition, this Court has previously held, in accordance with several other district courts both within and outside the Eighth Circuit, that affirmative defenses are not held to the heightened pleading requirements of Iqbal and Twombly. Stein for Halpern Ins. Trust v. Phoenix Life Ins. Co., No. 4:17 CV 2879 JMB, 2018 WL 3993980, at *2 (E.D. Mo. Aug. 21, 2018) (holding that the notice pleading standard, as opposed to the heightened Twombly/Iqbal standard, applies to affirmative defenses); see also Swinter Grp., Inc. v. Nationwide Truckers' Ins. Agency, No. 4:17-CV-2310-SPM, 2018 WL 306024, at *4-5 (E.D. Mo. Jan. 5, 2018) (holding that Twombly/Iqbal standard does not apply to affirmative defenses); Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051 (D. Minn. Oct. 27, 2010) (Twombly and Iqbal "do not apply to the pleading of defenses under Fed. R. Civ. P. 8(b) and (c)."). Therefore, a short

and plain statement of an affirmative defense is all that is required. See Wisland, 119 F.3d at 737.

The Court determines that defendant's affirmative defenses are governed by Federal Rule of Civil Procedure 8 and federal notice pleading standards, rather than the Missouri pleading standards on which plaintiff's motion is based. Furthermore, plaintiff has not identified any "redundant, immaterial, impertinent, or scandalous matter" for the Court to strike. Fed. R. Civ. P. 12(f). Therefore, the Court will deny the present motion, without prejudice to plaintiff filing a renewed motion based on the proper rules and pleading standards.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike affirmative defenses is **denied without prejudice.**

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February, 2019.